UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61825-Civ-Hopkins

HPC US FUND 1, L.P., a New York
limited partnership, and HPC US FUND 2, L.P.,
a New York limited partnership.

Plaintiffs,

v.

DALE WOOD, an individual,
GUNTER GIES, an individual, et. al.

Defendants.

_______________________________________/

**SPECIAL VERDICT FORM**

Unless otherwise instructed herein, at the conclusion of your deliberations under the standards set forth in the Court's instructions to you, please answer the questions below. After you have completed this form, please have your jury foreperson sign and date the form on the lines provided.

## COUNT I – VIOLATION OF 18 U.S.C. § 1962(c) (CIVIL RICO)

*As to Defendant DALE WOOD*

**Do you find from a preponderance of the evidence:**

1. That Defendant DALE WOOD was employed by or associated with an enterprise which engaged in or had some effect on interstate or foreign commerce and that Defendant DALE WOOD participated, either directly or indirectly, in the conduct or affairs of the enterprise through a pattern of racketeering activity?

YES __X__ NO ______

If your answer to Question 1 is "YES", please proceed to Question 2. If your answer to Question 1 is "NO", please proceed to page 7.

2. State if you unanimously find that HPC US FUND 1, L.P. and HPC US FUND 2, L.P. (collectively "HPC") proved by a preponderance of the evidence that Defendant DALE WOOD committed any of the following predicate acts:

**Category 1: Wire Fraud**

As to Racketeering Act 1A:
Email dated November 22, 2010 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1B:
Email dated December 15, 2010 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1C:
Email dated January 17, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1D:
Email dated February 15, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1E:
Email dated March 16, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1F:
Email dated April 18, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1G:
Email dated June 1, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1H:
Email dated June 21, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1I:
Email dated July 15, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1J:
Email dated August 15, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1K:
Email dated October 17, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ______

As to Racketeering Act 1L:
Email dated November 22, 2011 to HPC attaching a status report regarding HPC 1's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1M:
Email dated February 3, 2012 to HPC attaching a status report regarding HPC 1's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1N:
Email dated February 15, 2012 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1O:
Email dated May 3, 2012 to HPC attaching a status report regarding HPC 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1P:
Email dated July 13, 2012 to HPC attaching a status report regarding HPC 1's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1Q:
Email dated August 15, 2012 to HPC attaching a status report regarding HPC 1's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1R:
Emails dated November 26, 2012 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1S:
Emails dated February 7, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1T:
Email dated March 20, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1U:
Email dated April 16, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1V:
Email dated May 21, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1W:
Email dated July 18, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

**Category 2: Mail Fraud**

As to Racketeering Act 2A:
Executed and transmitted Statutory Warranty Deed dated April 12, 2013 regarding the Alaska property.

PROVED ___✓___ NOT PROVED ________

As to Racketeering Act 2B:
Executed and transmitted Quitclaim Deed dated December 6, 2012 for Atlantic City property.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 2C:
Executed and transmitted Warranty Deed dated July 17, 2013 for Ruston property.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 2D:
Executed and transmitted Deed dated July 6, 2012 for Arbor Vitae/Sharp property.

PROVED X NOT PROVED ________

As to Racketeering Act 2E:
Executed and transmitted Deed dated May 30, 2013 for portion of Schwantes property.

PROVED X NOT PROVED ________

As to Racketeering Act 2F:
Executed and transmitted Deed dated May 2, 2012 for portion of Schwantes property.

PROVED X NOT PROVED ________

As to Racketeering Act 2G:
Executed and transmitted Deed dated May 7, 2012 for Trailgate property.

PROVED X NOT PROVED ________

As to Racketeering Act 2H:
Executed and transmitted Satisfaction of Mortgage dated March 28, 2012 for Baxter property.

PROVED X NOT PROVED ________

As to Racketeering Act 2I:
Executed and transmitted Deed dated December 9, 2011 for Myra Jordan property.

PROVED X NOT PROVED ________

As to Racketeering Act 2J:
Executed and transmitted Deed of Trust dated August 3, 2012 for Greensboro property.

PROVED X NOT PROVED ________

If you answered "PROVED" to at least two (2) of the Predicate Acts listed in Question 2, you will consider the damages proximately caused by these violations when you reach page 12. Please proceed to the next page.

*AS TO DEFENDANT GUNTER GIES*

**Do you find from a preponderance of the evidence:**

1. That Defendant GUNTER GIES was employed by or associated with an enterprise which engaged in or had some effect on interstate or foreign commerce and that Defendant GUNTER GIES participated, either directly or indirectly, in the conduct or affairs of the enterprise through a pattern of racketeering activity?

YES __X__ NO ______

If your answer to Question 1 is "YES", please proceed to Question 2. If your answer to Question 1 is "NO", please proceed to page 12.

2. State if you unanimously find that HPC proved by a preponderance of the evidence that Defendant GUNTER GIES committed any of the following acts:

**Category 1: Wire Fraud**

As to Racketeering Act 1A:
Provided financial information to be contained on the November 22, 2010 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1B:
Provided financial information to be contained on the December 15, 2010 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1C:
Provided financial information to be contained on the January 17, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1D:
Provided financial information to be contained on the February 15, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1E:
Provided financial information to be contained on the March 16, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1F:
Provided financial information to be contained on the April 18, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1G:
Provided financial information to be contained on the June 1, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1H:
Provided financial information to be contained on the June 21, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1I:
Provided financial information to be contained on the July 15, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1J:
Provided financial information to be contained on the August 15, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1K:
Provided financial information to be contained on the October 17, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1L:
Provided financial information to be contained on the November 22, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1M:
Provided financial information to be contained on the February 3, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1N:
Provided financial information to be contained on the February 15, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1O:
Provided financial information to be contained on the May 3, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1P:
Provided financial information to be contained on the July 13, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1Q:
Provided financial information to be contained on the August 15, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED ___X___ NOT PROVED __________

As to Racketeering Act 1R:
Provided financial information to be contained on the November 26, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED ___X___ NOT PROVED __________

As to Racketeering Act 1S:
Provided financial information to be contained on the February 7, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED ___X___ NOT PROVED __________

As to Racketeering Act 1T:
Provided financial information to be contained on the March 20, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED ___X___ NOT PROVED __________

As to Racketeering Act 1U:
Provided financial information to be contained on the April 16, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED ___X___ NOT PROVED __________

As to Racketeering Act 1V:
Provided financial information to be contained on the May 21, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED ___X___ NOT PROVED __________

As to Racketeering Act 1W:
Provided financial information to be contained on the July 18, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1X:
Providing financial information contained on HPC 1 and 2's December 31, 2012 Financial Statements and transmitting the same by e-mail outside of the State of Florida to the outside accountants and/or auditors of HPC.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1Y:
Providing financial information and transmitting the same by e-mail outside of the State of Florida to the outside accountants and/or auditors of HPC in the years 2010, 2011 and 2012.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1Z:
Various telephone calls with HPC auditors in Germany regarding the finances of HPC.

PROVED __X__ NOT PROVED ______

**Category 2: Mail Fraud.**

As to Racketeering Act 2A:
Witnessing the Satisfaction of Mortgage dated March 28, 2012 for Baxter property which affected HPC's property interest in that property knowing that the transactional document would be transmitted by Mail in the ordinary course of HPC's business.

YES __X__ NO ______

If you answered "PROVED" to at least two (2) of the Predicate Acts listed in Question 2, you will consider the damages proximately caused by these violations on the following page, 12. Please proceed to the next page.

## DAMAGES – COUNT I – 18 U.S.C. § 1962(c) (CIVIL RICO)

If you answered "PROVED" to at least two (2) of the Predicate Acts listed in Question 2 for Defendant DALE WOOD and/or Defendant GUNTER GIES, please proceed to the next paragraph. If you did not answer "PROVED" to at least two (2) of the Predicate Acts listed in Question 2, for either Defendant DALE WOOD or Defendant GUNTER GIES, please continue to the next page.

If you found that either Defendant DALE WOOD, in paragraph 1 on page 2, or Defendant GUNTER GIES, in paragraph 1 on page 7, was liable on Count I, what is the amount of damages, if any, that you find was proximately caused by the violation? Answer in dollars and cents.

$ 2.5 million

2,500,000.00

## COUNT II – VIOLATION OF 18 U.S.C. § 1962(d) (RICO CONSPIRACY)

*AS TO DEFENDANT DALE WOOD*

**Do you find from a preponderance of the evidence:**

1. That Defendant DALE WOOD is liable to HPC for violating 18 U.S.C. § 1962(d) (RICO Conspiracy) by conspiring to conduct the affairs of the enterprise through a pattern of racketeering activity?

YES __X__ NO ________

*AS TO DEFENDANT GUNTER GIES*

**Do you find from a preponderance of the evidence:**

2. That Defendant GUNTER GIES is liable to HPC for violating 18 U.S.C. § 1962(d) (RICO Conspiracy) by conspiring to conduct the affairs of the enterprise through a pattern of racketeering activity?

YES __X__ NO ________

If you answered "YES" to Question 1 or Question 2, please proceed to Question 3. If you answered "NO" to Question 1 and Question 2, please proceed to the next page.

3. If you found that either Defendant DALE WOOD or Defendant GUNTER GIES was liable in paragraphs 1 and 2, what is the amount of damages, if any, that you find was proximately caused by the violation? Answer in dollars and cents.

$ 2.5 million

2,500,000.00

## COUNT III – VIOLATION OF FLA. STAT. § 895.03(3) (FLORIDA RICO)

***AS TO DEFENDANT DALE WOOD***

**Do you find by clear and convincing evidence:**

1. That Defendant DALE WOOD is liable to HPC for violating Fla. Stat. § 895.03(3) (civil remedy via Chapter 772 and 895.05), Conduct of or Participation in an Enterprise through a Pattern of Racketeering Activity?

YES __X__ NO ________

2. State if you unanimously find that HPC US FUND 1, L.P. and HPC US FUND 2, L.P. (collectively "HPC") proved by a clear and convincing evidence that Defendant DALE WOOD committed any of the following predicate acts:

**Category 1: Wire Fraud**

As to Racketeering Act 1A:
Email dated November 22, 2010 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1B:
Email dated December 15, 2010 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1C:
Email dated January 17, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1D:
Email dated February 15, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1E:
Email dated March 16, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1F:
Email dated April 18, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1G:
Email dated June 1, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1H:
Email dated June 21, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1I:
Email dated July 15, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1J:
Email dated August 15, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1K:
Email dated October 17, 2011 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED ___X___ NOT PROVED ________

As to Racketeering Act 1L:
Email dated November 22, 2011 to HPC attaching a status report regarding HPC 1's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1M:
Email dated February 3, 2012 to HPC attaching a status report regarding HPC 1's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1N:
Email dated February 15, 2012 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1O:
Email dated May 3, 2012 to HPC attaching a status report regarding HPC 2's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1P:
Email dated July 13, 2012 to HPC attaching a status report regarding HPC 1's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1Q:
Email dated August 15, 2012 to HPC attaching a status report regarding HPC 1's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1R:
Emails dated November 26, 2012 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1S:
Emails dated February 7, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED X NOT PROVED ___________

As to Racketeering Act 1T:
Email dated March 20, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1U:
Email dated April 16, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1V:
Email dated May 21, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 1W:
Email dated July 18, 2013 to HPC attaching a status report regarding HPC 1 and 2's property interests.

PROVED __X__ NOT PROVED ______

**Category 2: Mail Fraud**

As to Racketeering Act 2A:
Executed and transmitted Statutory Warranty Deed dated April 12, 2013 regarding the Alaska property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2B:
Executed and transmitted Quitclaim Deed dated December 6, 2012 for Atlantic City property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2C:
Executed and transmitted Warranty Deed dated July 17, 2013 for Ruston property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2D:
Executed and transmitted Deed dated July 6, 2012 for Arbor Vitae/Sharp property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2E:
Executed and transmitted Deed dated May 30, 2013 for portion of Schwantes property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2F:
Executed and transmitted Deed dated May 2, 2012 for portion of Schwantes property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2G:
Executed and transmitted Deed dated May 7, 2012 for Trailgate property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2H:
Executed and transmitted Satisfaction of Mortgage dated March 28, 2012 for Baxter property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2I:
Executed and transmitted Deed dated December 9, 2011 for Myra Jordan property.

PROVED __X__ NOT PROVED ______

As to Racketeering Act 2J:
Executed and transmitted Deed of Trust dated August 3, 2012 for Greensboro property.

PROVED __X__ NOT PROVED ______

If you answered "PROVED" to at least two (2) of the Predicate Acts listed in Question 2, you will consider the damages proximately caused by these violations when you reach page 24. Please proceed to the next page.

*AS TO DEFENDANT GUNTER GIES*

**Do you find by clear and convincing evidence:**

1. That Defendant GUNTER GIES is liable to HPC for violating Fla. Stat. § 895.03(3) (civil remedy via Chapter 772 and 895.05), Conduct of or Participation in an Enterprise through a Pattern of Racketeering Activity?

YES __X__ NO ________

2. State if you unanimously find that HPC proved by a clear and convincing evidence that Defendant GUNTER GIES committed any of the following acts:

**Category 1: Wire Fraud**

As to Racketeering Act 1A:
Provided financial information to be contained on the November 22, 2010 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1B:
Provided financial information to be contained on the December 15, 2010 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1C:
Provided financial information to be contained on the January 17, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1D:
Provided financial information to be contained on the February 15, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED ________

As to Racketeering Act 1E:
Provided financial information to be contained on the March 16, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1F:
Provided financial information to be contained on the April 18, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1G:
Provided financial information to be contained on the June 1, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1H:
Provided financial information to be contained on the June 21, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1I:
Provided financial information to be contained on the July 15, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1J:
Provided financial information to be contained on the August 15, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1K:
Provided financial information to be contained on the October 17, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ________

As to Racketeering Act 1L:
Provided financial information to be contained on the November 22, 2011 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ________

As to Racketeering Act 1M:
Provided financial information to be contained on the February 3, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ________

As to Racketeering Act 1N:
Provided financial information to be contained on the February 15, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ________

As to Racketeering Act 1O:
Provided financial information to be contained on the May 3, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ________

As to Racketeering Act 1P:
Provided financial information to be contained on the July 13, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ________

As to Racketeering Act 1Q:
Provided financial information to be contained on the August 15, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ______

As to Racketeering Act 1R:
Provided financial information to be contained on the November 26, 2012 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ______

As to Racketeering Act 1S:
Provided financial information to be contained on the February 7, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ______

As to Racketeering Act 1T:
Provided financial information to be contained on the March 20, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ______

As to Racketeering Act 1U:
Provided financial information to be contained on the April 16, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ______

As to Racketeering Act 1V:
Provided financial information to be contained on the May 21, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED X NOT PROVED ______

As to Racketeering Act 1W:
Provided financial information to be contained on the July 18, 2013 status report regarding HPC 1 and 2's property interests that he knew would be sent to HPC in the ordinary course of business.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1X:
Providing financial information contained on HPC 1 and 2's December 31, 2012 Financial Statements and transmitting the same by e-mail outside of the State of Florida to the outside accountants and/or auditors of HPC.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1Y:
Providing financial information and transmitting the same by e-mail outside of the State of Florida to the outside accountants and/or auditors of HPC in the years 2010, 2011 and 2012.

PROVED __X__ NOT PROVED __________

As to Racketeering Act 1Z:
Various telephone calls with HPC auditors in Germany regarding the finances of HPC.

PROVED __X__ NOT PROVED __________

**Category 2: Mail Fraud.**

As to Racketeering Act 2A:
Witnessing the Satisfaction of Mortgage dated March 28, 2012 for the Baxter property which affected HPC's property interest in that property knowing that the transactional document would be transmitted by Mail in the ordinary course of HPC's business.

PROVED __X__ NOT PROVED __________

If you answered "PROVED" to at least two (2) of the Predicate Acts listed in Question 2, you will consider the damages proximately caused by these violations when you reach the next page, 24. Please proceed to the next page.

**DAMAGES – COUNT III - VIOLATION OF FLA. STAT. § 895.03(3) (FLORIDA RICO)**

If you answered "PROVED" to at least two (2) of the Predicate Acts listed in Question 2 for Defendant DALE WOOD and/or Defendant GUNTER GIES, please proceed to the next paragraph. If you did not answer "PROVED" to at least two (2) of the Predicate Acts listed in Question 2, for either Defendant DALE WOOD or Defendant GUNTER GIES, please continue to the next page.

State the total amount of damages necessary to compensate HPC for the violations of Fla. Stat. § 895.03(3) (Civil Remedy via Chapter 772 and 895.05) (Florida RICO – Conduct of or Participation in an Enterprise through a Pattern of Racketeering Activity) by Defendant GUNTER GIES or Defendant DALE WOOD. Answer in dollars and cents.

$ 2.5 million

2,500,000.00

**COUNT IV – VIOLATION OF FLA. STAT. § 895.03(4) (FLORIDA RICO)**

***AS TO DEFENDANT DALE WOOD***

**Do you find by clear and convincing evidence:**

1. That Defendant DALE WOOD is liable to HPC for violating Fla. Stat. § 895.03(4) (civil remedy via Chapter 772 and 895.05), Conspiracy to Engage in Pattern of Racketeering Activity?

YES __X__ NO ________

***AS TO DEFENDANT GUNTER GIES***

**Do you find by clear and convincing evidence:**

2. That Defendant GUNTER GIES is liable to HPC for violating Fla. Stat. § 895.03(4) (civil remedy via Chapter 772 and 895.05), Conspiracy to Engage in Pattern of Racketeering Activity?

YES __X__ NO ________

If you answered "YES" to either Question 1 or 2, please proceed to Question 3. If you answered "NO" to Questions 1 and 2, please proceed to the next page.

3. State the total amount of damages necessary to compensate HPC for the violations of Fla. Stat. § 895.03(4) (Civil Remedy via Chapter 772 and 895.05) (Florida RICO – Conspiracy to Engage in Pattern of Racketeering). Answer in dollars and cents.

$ 2.5 million

2,500,000.00

## COUNT V - FRAUD

*AS TO DEFENDANT DALE WOOD*

1. Do you find that HPC has shown, by proving each element of the claim by a preponderance of the evidence, that Defendant DALE WOOD defrauded HPC?

YES X NO ________

If you answered "YES" to Question 1, please proceed to Question 2. If you answered "NO" to Question 1, please proceed to "As to Defendant Gunter Gies" below.

2. State the amount of damages that a preponderance of the evidence shows will fairly and adequately compensate HPC for the monetary loss HPC suffered as a consequence of HPC's reliance on the misrepresentations. Answer in dollars and cents.

$ 9 million
9,000,000.00

*AS TO DEFENDANT GUNTER GIES*

1. Do you find that HPC has shown, by proving each element of the claim by a preponderance of the evidence, that Defendant GUNTER GIES defrauded HPC?

YES X NO ________

If you answered "YES" to Question 1, please proceed to Question 2. If you answered "NO" to Question 1, please proceed to the next page.

2. State the amount of damages that a preponderance of the evidence shows will fairly and adequately compensate HPC for the monetary loss HPC suffered as a consequence of HPC's reliance on the misrepresentations. Answer in dollars and cents.

$ 500,000.00

**COUNT VI – BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT DALE WOOD**

1. Do you find that HPC has shown, by proving each element of the claim by a preponderance of the evidence, that Defendant DALE WOOD breached his fiduciary duty to HPC?

YES X NO ________

If you answered "YES" to Question 1, please proceed to Question 2. If you answered "NO" to Question 1, please proceed to the next page.

2. State the amount of compensatory damages that a preponderance of the evidence shows will fairly and adequately compensate HPC for damages that were a result of Defendant DALE WOOD'S the breach of fiduciary duty. Answer in dollars and cents.

$ 2.5 million

2,500,000.00

## COUNT VII – CONVERSION AGAINST DEFENDANT DALE WOOD

1. Do you find that HPC has shown, by proving each element of the claim by a preponderance of the evidence, that Defendant DALE WOOD committed the act of conversion of HPC's property interests?

YES X NO ________

If you answered "YES" to Question 1, please proceed to Question 2. If you answered "NO" to Question 1, please proceed to the signature portion of this form.

2. State the amount of damages that a preponderance of the evidence shows will fairly and adequately compensate HPC for he reasonable or fair market value of the converted property owned by HPC at the time and place of conversion, plus interest to the date of the verdict. Answer in dollars and cents.

$ 10 million
10,000,000.00

**Please proceed to the signature portion of this form below.**

SO SAY WE ALL.

________________ FOREPERSON (print name)

________________ Signature

Date: 2/17/2016